UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYSHAWN ISAIAH CASANOVA,

                              Plaintiff,

              -against-

BROOKLYN METROPOLITAN DETENTION
CENTER, *et al.*,

                              Defendants.

19-CV-6274 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained at the Orange County Jail, brings this *pro se* action, alleging that correctional staff at Brooklyn's Metropolitan Detention Center (MDC) failed to protect him from an inmate assault, and that the medical staff at the Westchester County Jail (WCJ) – where he was later transferred – failed to provide him with medical attention for his serious medical needs following the assault. By order dated August 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: On April 2, 2018, at the MDC, three inmates pushed Plaintiff into a cell and physically assaulted him. During the four-to-five-minute assault, Plaintiff called out to correctional staff, but nobody responded. Plaintiff became unconscious, and after he woke up, he returned to his cell.

Later that day, an MDC correction officer noticed Plaintiff's injuries and transported him to the segregated housing unit (SHU) where Plaintiff suffered untreated with "a sharp, numb pain in [his] left cheek, double vision, a swollen shut/bruised left eye, two missing teeth, multiple lumps all over [his] face and head, and multiple cuts/scratches all over [his] face/head and body." ECF 1:19-CV-6274, 2. Plaintiff "also suffered from an extreme and long lasting migraine and was vomiting nonstop." *Id.* Later that day, after Plaintiff's persistent complaints, correctional staff transported him to the medical unit where staff concluded that Plaintiff should be transported to a hospital.

At the hospital, a doctor diagnosed Plaintiff with a "heavy" concussion, a fracture in his left cheek bone, and damage to his orbital socket; the doctor concluded that Plaintiff required surgery. *Id.* After Plaintiff was transported back to MDC's SHU, he awaited the scheduling of the surgery. Approximately ten days later, correctional staff transported him to meet with an outside surgeon who scheduled the surgery.

Back at MDC's SHU, while awaiting surgery, Plaintiff was transferred to WCJ for reasons unknown to Plaintiff. At WCJ, he immediately inquired about the scheduled surgery, and

WCJ staff informed him that MDC failed to inform them of his medical condition.

Approximately one to two months later, after Plaintiff's persistent complaints, WCJ staff

transported Plaintiff to Westchester Medical Center where a doctor informed him "that it was too

late for surgery, as [his] fracture/injuries had already begun to improperly heal as is . . . [and that]

any injuries that didn't properly heal will unfortunately become permanent." *Id.*

DISCUSSION

**A.    Claims that arose at the MDC**

> **1.    The Court dismisses the MDC and the Bureau of Prisons (BOP) under the doctrine of sovereign immunity**

Sovereign immunity generally bars federal courts from hearing suits against federal

agencies, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S.

535, 538 (1980). The plaintiff bears the burden to show that Congress waived sovereign

immunity with respect to the claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Here, Plaintiff has not invoked any basis for abrogating the immunity of the named federal

agencies. The Court therefore dismisses Plaintiff's claims against the MDC and the BOP because

those claims are barred under the doctrine of sovereign immunity. *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii).

> **2.    The Court construes the complaint as asserting a claim under *Bivens* and transfers the claim to the Eastern District of New York**

Because Plaintiff alleges that his constitutional rights were violated at the MDC, which is

a federal facility, the Court liberally construes the complaint as asserting claims under *Bivens v.

Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft

v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state

officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014)

3

(holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*). *Bivens* actions are brought against individual defendants. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) (noting that a *Bivens* action must be brought against an individual for the individual's own acts).

The general venue provision, 28 U.S.C. § 1391,[2] controls in *Bivens* claims. Because Plaintiff does not name individual defendants, it is not clear whether this district is a proper venue under § 1391(b)(1). But because the events giving rise to this claim occurred in Brooklyn, Kings County, it is clear that the United States District Court for the Eastern District of New York is a proper venue under § 1391(b)(2) for Plaintiff to litigate his *Bivens* claim.

As venue for Plaintiff's *Bivens* claim lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), the Court transfer the claim to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

**3.    The Court construes the complaint as asserting a claim under the Federal Tort Claims Act and transfers the claim to the Eastern District of New York**

Because Plaintiff seeks money damages for injuries allegedly caused by federal employees, the Court construes the complaint as seeking relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. The FTCA provides for a waiver of sovereign

---

[2] The general venue provision provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

immunity for certain claims for money damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1).

The proper defendant in an FTCA claim is the United States. 28 U.S.C. § 2679(a), (b)(1); *see also Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 117 (S.D.N.Y.) ("[T]he only proper defendant in an FTCA action is the United States, and not a federal agency or individual employees of a federal agency[.]"), *aff'd*, 356 F. App'x 465 (2d Cir. 2009) (summary order).

Before bringing an FTCA claim, a claimant must first exhaust his administrative remedies by filing a claim for money damages with the appropriate federal government entity and must receive a final written determination.[3] *See* 28 U.S.C. § 2675(a).

The Court construes the complaint as asserting an FTCA claim, adds the United States as a defendant under Fed. R. Civ. P. 21, and transfers the FTCA claim to the United States District Court for the Eastern District of New York, with the United States being the sole defendant.[4] If Plaintiff did not exhaust this claim with the BOP and wishes to pursue it administratively, he may move to withdraw the claim in the Eastern District of New York.

---

[3] Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring a FTCA action in a federal district court. *See* § 2675(a).

[4] Although this Court could be a proper venue for this action, depending on Plaintiff's preincarceration residency, *see* 28 U.S.C. § 1402(b) (the proper venue for an FTCA claim is "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred"), because the Court is transferring the *Bivens* claim, which arises out of the same set of facts as the FTCA claim, in the interest of judicial economy, the Court transfers this claim as well.

**B.      Claims that arose at the WCJ**

**1.      WCDOC**

Plaintiff's claims against the WCDOC must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against Westchester County, the Court construes the complaint as asserting claims against Westchester County, and directs the Clerk of Court to amend the caption of this action to replace the WCDOC with Westchester County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Westchester County may wish to assert.

**2.      The Court grants Plaintiff leave to file an amended complaint naming individual defendants who violated his rights at WCJ**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An

individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited
> deliberate indifference to the rights of [the plaintiff] by failing to act on
> information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[5]

The Court grants Plaintiff leave to amend the complaint to name individual defendants

who violated his rights at the WCJ.

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to name the individuals who he alleges

violated his rights at WCJ. First, Plaintiff must name as the defendant(s) in the caption[6] and in

the statement of claim those individuals who were allegedly involved in the deprivation of his

federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual

as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The

---

[5] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may
have heightened the requirements for showing a supervisor's personal involvement with respect
to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon
v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[6] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all
defendants, he should write "see attached list" on the first page of the Amended Complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on
duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

1. give the names and titles of all relevant persons;

2. describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

3. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

4. give the location where each relevant event occurred;

5. describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

6. state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6274 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against the MDC, the BOP, and WCDOC. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is directed to add Westchester County as a Defendant under Fed. R. Civ. P. 21.

The Court construes the complaint as asserting a *Bivens* claim and an FTCA claim, adds the United States as a defendant under Fed. R. Civ. P. 21, and transfers the *Bivens* and FTCA claims to the United States District Court for the Eastern District of New York, with the United States being the sole defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    September 9, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name              Middle Initial           Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                      State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

## IV.  DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 2:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 3:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

Defendant 4:

First Name    Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City      State    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____